(MEMORANDUM OF DECISION)
 LAURA MUENCHOW, CERTIFIED COURT REPORTER
APPEARANCES:
Representing the Plaintiff: CT Page 3918
 DONNA L. BERG FRIEDGBERG, PRO SE 340 Tall Timbers Road Glastonbury, Connecticut 06033
Representing the Defendant State Elections Enforcement Commission and Secretary Tashman
 HENRY S. COHN, ESQUIRE Assistant Attorney General 55 Elm Street Hartford, Connecticut 06106
Representing Governor-Elect Lowell P. Weicker, Lieutenant Governor-Elect Eunice Groark and Thomas J. D'Amore:
 LAWRENCE J. HOLLORAN, ESQUIRE Attorney at Law Liberty Square New Britain, Connecticut 06051
THE COURT: This is an election complaint brought by the plaintiff, a registered Democrat, who resides in Glastonbury, Connecticut. The complaint was brought under the authority of Section 9-324 of the Connecticut General Statutes.
Section 9-324 provides in relevant part that any elector who claims that he is aggrieved by any election official in connection with any election for governor may bring his complaint to any judge of the Superior Court in which he shall set out the claimed errors of such election official.
The plaintiff in this case is a layperson and is otherwise untrained in the law. The clarity of plaintiff's complaint and procedural exactness perhaps suffer to some degree because of the plaintiff's lack of legal training.
The gravamen of plaintiff's complaint seems to be the belief that Governor-Elect Lowell P. Weicker's name was improperly placed on the election ballot and that his election was, therefore, illegal. Several allegations of violations of election laws have been cited by the plaintiff to support her belief. These assertion of claims appear to be of first impression and, because they would occasion a new election if true, will be fully examined by this Court.
It should be noted at the onset that the CT Page 3919 plaintiff chose not to raise these claims made here prior to the election in question. The plaintiff could have made these claims under the authority of at least two statutory provisions. One is Section 9-324
of the Connecticut General Statutes itself which provides for a pre-election hearing. In addition, the so-called Uniform Administrative Procedures Act, section 4-166, et sequel of the General Statutes provides for another avenue of judicial review.
The plaintiff opted not to pursue these pre-election challenges, but rather waited until the outcome of the election was known to mount this lawsuit. Such a delay cannot be considered, perhaps, in the best interest of the candidates nor the citizens of the State of Connecticut. Nevertheless, in view of this Court's final ruling, the issue of laches will not be decided here.
A preliminary issue is whether Section 9-324 is the proper vehicle for this complaint. This statute provides for relief for persons who are aggrieved by any ruling of an election official. The plaintiff here clearly challenges the ruling of the Secretary of State. This statute has in the past generally been applied to local election officials such as pole moderators and clerks.
This Court has examined several statutes that pertain to the Office of the Secretary of State, specifically Sections 9-3 and 9-4 of the General Statutes. Section 9-3 of the General Statutes provides that the Secretary of State by virtue of the office shall be the Commissioner of Elections of the state with such powers and duties relating to the conduct of elections as are prescribed by law.
Further, Section 9-4 of the Connecticut General Statutes provides that the Secretary of State in addition to other duties imposed by law shall, as such commissioner, prepare regulations and instructions for the conduct of elections as designated by law, determine in a manner provided by law the forms for preparation of voting machines, prepare the ballot title or statement to be placed on the ballot, certify to the several boards the form of official ballots for state and municipal elections, provide the form and manner of filing notification of vacancies, nomination, et cetera, examine and approve nomination petitions filed under Section 9-4530. The court CT Page 3920 concludes that the Secretary of State is an election official for purposes of Section 9-324.
Other preliminary issues are raised in a motion to dismiss filed within the hour by the Attorney General. The Attorney General maintains that this lawsuit was improperly commenced in that it was not directed to a judge of the Superior Court as opposed to the Superior Court itself. This court finds that this complaint was brought and directed to this court personally.
The attorney General then raises issues of the timeliness of the challenge to the action of the Secretary of State, if the plaintiff is in fact aggrieved. Also raised by the Attorney General are the claims of laches, referred to earlier, and various other technical objections regarding service and parties. In view of the Court's final ruling, it declines to decide those issues at this time.
The facts of the case are generally agreed upon and are as follows: Governor-Elect Lowell P. Weicker was registered with the Republican Party of the State of Connecticut in June of 1990. His name is no longer present on the rolls of the Republican Party. There was an application to reserve a party designation for A Connecticut Party filed with the Secretary of State on April 16th, 1990. That designation committee filed its statement with regards to Lowell P. Weicker as its candidate for governor on August 17th, 1990. The Court finds that the A Connecticut Party had filed party rules with the Secretary of State's Office as of November 7th, 1990, but had not filed such party rules 60 days before the date of the nomination of Governor-Elect Weicker. The Court finds that the application to reserve a party designation was accompanied by the filing of a written statement signed by at least 25 electors who desired to be members of a party designation committee. That statement included the offices for which Governor-Elect Weicker was a candidate for, and further that Governor-Elect Weicker is registered at present as a member of A Connecticut Party.
The plaintiff maid a number of claims concerning Connecticut law as it affects statewide elections. The first claim was that Governor-Elect Weicker was not enrolled in A Connecticut Party long enough to be a candidate. The plaintiff bases that claim upon CT Page 3921 Section 9-59 of the Connecticut Statutes.
This Court finds that this statute and several others involved in this case apply only to major or minor parties as defined by the statutes of the State of Connecticut. The Court finds further that A Connecticut Party was not in the terms of our statutes a major or minor party at all of the times in question to the date of the election. If anything, A Connecticut Party at that time was an independent body, a political organization. The authority for that view can be found in New York Election Laws, Section 6-138, McKinney, 1978.
Therefore, because this section did not apply to a minor party candidate, there was no need for a six-month waiting period for that candidacy nor was there a requirement that Governor-Elect Weicker wait six months to become a candidate because of his previous party registration.
The plaintiff also complains that a significant number of the first 25 persons signing the application for the formation of a party designation were members of two of the major political parties. The Court finds that this is quite acceptable under Connecticut law. Section 9-4530 of the Connecticut General Statutes provides those persons need be electors only. It does not inhibit those who are members of Republican or Democratic Parties from being those electors or signatories.
The plaintiff also complains that A Connecticut Party did not timely file its party rules at least 60 days before the nomination. As indicated earlier, the Court reads Statute 9-347 and 9-372(6) to preclude that A Connecticut Party was not a major or minor party at the time. Therefore, this particular Statute was inapplicable.
The plaintiff also makes the claim that because of Governor-Elect Weicker's previous Republican affiliation, that in effect the Republican Party had chosen two people for the office of governor. The Court rejects that particular interpretation.
Finally, the Court believes that regardless of statutory interpretation here, that if this challenge were allowed at this time and at this place, there would be serious considerations of constitutionality CT Page 3922 raised by the granting of the complaint's request. The Court believes that the First andFourteenth Amendments of the United States Constitution and many sections of the Connecticut Constitution including Article First, Section five, Article Sixth, Section four, Article Sixth, Section ten and Article Seventeenth, Section eight demonstrate the constitutional concerns of our nation and our state to the importance of the electoral process, to the importance of freedom of speech.
The Court concludes, therefore, that this plaintiff is not aggrieved, that the Secretary of State and Governor-Elect Lowell Weicker and the designation committee and the A Connecticut Party has acted properly within the purview of our statutes; and, therefore this complaint is accordingly denied and dismissed.
Recess, please, Mr. Sheriff.
(Whereupon, the Court took a recess.)
CERTIFICATION
I, Laura Muenchow, a Certified Court Reporter, do hereby certify that the within and foregoing is a true and accurate Transcription of the Memorandum of Decision taken in the matter of Donna L. Berg Friedeberg versus Secretary of State heard on the 19th day of November 1990 before the Honorable Charles D. Gill, a judge of the Superior Court, held in the Hartford/New Britain Judicial District at Hartford, Connecticut.
LAURA MUENCHOW, CERTIFIED COURT REPORTER